ment by the firm to pay it, in the absence of some agreement to the contrary, express or implied. The right to interest or an agreement to pay or allow it is to be implied in such cases without any express promise, as in like transactions between parties holding no partnership relations to each other."

The difference between the amounts belonging to defendant and plaintiffs in the firm property at the time of the death of Mr. McGibbon had substantially disappeared at the time that the defendant without any one's consent took the entire stock and assets of the firm and the referee has allowed him sufficient to make it equal. Substantial equity seems to have been done in an awkward situation by the referee.

I think the judgment should be affirmed, with costs to the respondents.

---

### SULLIVAN v. H. F. TAINTOR MFG. CO.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

DEPOSITIONS (§ 36*)—AFFIDAVIT—STATUTORY PROVISIONS.

Where there was no specific allegation, in an affidavit in support of a motion for an open commission to take testimony of nonresident witnesses, that the witnesses, or either of them, were not within the state, it was insufficient, under Code Civ. Proc. §§ 887, 894.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 47–51; Dec. Dig. § 36.*]

Appeal from Special Term, Kings County.

Action by Katherine Sullivan, as administratrix, etc., against the H. F. Taintor Manufacturing Company. From an order granting an open commission to examine witnesses on behalf of plaintiff, defendant appeals. Reversed, and motion denied, without prejudice.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

James F. Barber, for appellant.

Rutherford B. Meyer (Eugene Lamb Richards, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff sues to recover the sum of $50,000 for the death of her intestate, alleged to have been caused by the negligence of the defendant in the operation of a factory at Bayonne, in the state of New Jersey. When the action was at issue, the plaintiff moved for an open commission to take the testimony of two witnesses, Walter Garlick and Adam Schaad.

The affidavit accompanying the notice of motion states that the witnesses are necessary and material, that they reside in the state of New Jersey, and that they were, respectively, the superintendent and assistant superintendent at the defendant's factory at the time of the accident. There is no specific allegation that at the time of the application for a commission they, or either of them, were not within this state, as required by sections 887 and 894 of the Code of Civil Procedure. The necessity of compliance with this provision of the Code has been often adjudged. See Matter of Adams, 31 App. Div. 298,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

52 N. Y. Supp. 617; Brown v. Russell, 58 App. Div. 218, 68 N. Y. Supp. 755; Fox v. Peacock, 97 App. Div. 500, 90 N. Y. Supp. 137.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs, but without prejudice to renewal upon additional papers. All concur.